

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2005

# Ruiz v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2151

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ruiz v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1061.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1061

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2151
_____

NOHRA BUITRAGO RUIZ; DIANA QUIROGA BUITRAGO,

Petitioners

v.

ALBERTO GONZALES, ATTORNEY GENERAL OF THE UNITED
STATES OF AMERICA; BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,

Respondents
_____

On Petition for review of an Order of the Board of Immigration Appeals
INS Nos. A79-318-064 & A79-318-065
_____

Submitted Under Third Circuit LAR 34.1(a) May 23, 2005

Before: SCIRICA, Chief Judge, ALITO and ROSENN, Circuit Judges.

(Filed June 7, 2005)
_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

Nohra Buitrago Ruiz ("lead petitioner" or "Ruiz") and her daughter Diana

Quiroga Buitrago (together "petitioners"), citizens of Colombia, S.A., petition for review

of a decision by the Board of Immigration Appeals ("BIA") denying their joint application[1] for asylum, withholding of removal, and protection under the Convention Against Torture.[2] The BIA affirmed without opinion the finding of the Immigration Judge ("IJ") that petitioners failed to establish they were victims of past persecution or that each has a well-founded fear of persecution in Colombia. In addition, the IJ found that lead petitioner lacked credibility because of inconsistencies and implausibilities in her testimony. We have jurisdiction under 8 U.S.C. § 1252. For the reasons set forth below, we affirm the BIA's decision.

I

Ruiz and her daughter Diana entered the United States legally on visitors' visas. Diana arrived first on June 28, 2000, and Ruiz later on September 20, 2000. As a result of overstaying their visas, petitioners were issued a Notice to Appear at the Immigration and Naturalization Service[3] to face charges of removability under 8 U.S.C. § 1227(a)(1)(B). At the removal hearing, petitioners sought asylum, withholding of

---

[1]Exercising her right under immigration law, Diana chose to tie her application for asylum to her mother's, meaning that if Ruiz was granted asylum, Diana would also be so granted.

[2]Although petitioners recite in their brief that they seek review of the denial of protection under the Convention Against Torture, this assertion appears to have been made as a matter of rote rather than substance because they fail to offer any argumentation in support of the claim. Accordingly, we do not address it here.

[3]The Immigration and Naturalization Service has since been subsumed within the Department of Homeland Security, pursuant to sections 441 and 471 of the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2125 (Nov. 25, 2002).

removal to Colombia, and protection under the Convention Against Torture based on their alleged past persecution and/or well-founded fear of future persecution.

Ruiz testified that Colombian guerillas had threatened her and her daughter in an attempt to extort money. In support of her claim, Ruiz cited five separate incidents. In October, 1999, she received an anonymous phone call at the business she ran for her father demanding a monthly "protection fee" of 30,000,000 Colombian pesos. One month later, Ruiz received another call informing her that the caller knew where she and her family lived. In December, 1999, four men came to the heavily-guarded residence Ruiz shared with her father and asked to meet with her father. Upon learning that Ruiz's father was at the family's country home in Silvania, Colombia, the men left. In February, 2000, two unknown men approached Ruiz at work and asked if she "was the daughter of Servilio Buitrago, [her] father." When she asked why they wanted to know, the men left. Finally, in June, 2000, Ruiz received a phone call at work from persons unknown informing her that she and her daughter would be killed if Ruiz failed to pay the "protection fee."

Despite Ruiz's supposed concerns about the incidents, she testified that she took no protective measures. She did not notify police; she did not notify her employees that the business had been threatened; she did not secure her assets; and she did not relocate to the family's country home in Silvania, Colombia. Although Ruiz took the measure of sending her daughter to the United States after receiving the final phone call, Ruiz

3

remained in Colombia three additional months to wrap up her business interests.

At the conclusion of the asylum hearing, the IJ denied petitioners' application for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered that petitioners be removed to Colombia. The IJ found Ruiz incredible based on inconsistencies and implausibilities in her testimony, discussed infra Part III. Moreover, the IJ concluded that even accepting Ruiz's testimony as true, Ruiz failed to sustain her burden of establishing past persecution or a well-founded fear of persecution based upon any of the protected grounds enumerated in the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(42) (2000). The BIA affirmed the IJ's decision without opinion pursuant to the streamlining regulations, 8 C.F.R. § 1003.1(e)(4).

On review, petitioners challenge the IJ's conclusions regarding Ruiz' credibility, petitioners' past persecution, and the reasonableness of their fear of future persecution. In addition, petitioners claim that their due process rights were denied because the IJ "appear[ed] to have a preconceived opinion prior to receiving all pertinent evidence and testimony[,]" and also because the BIA affirmed the IJ's allegedly unconstitutional decision without rendering a separate explanatory opinion.

II

To qualify for asylum, an alien must demonstrate that she is a "refugee," which means proving she is unable or unwilling to return to her country of nationality because of past persecution or a well-founded fear of future persecution on account of race, religion,

nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1158(b)(1); 1101(a)(42)(A). To demonstrate past persecution, petitioners must establish: (1) incidents that rise to the level of persecution; (2) which took place on account of one of the statutorily protected grounds; (3) and which was committed by the government or by forces the government was unwilling or unable to control. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002) (internal quotations omitted). To demonstrate a well-founded fear of future persecution, petitioners must show they have a genuine fear of persecution which would be shared by a reasonable person in their circumstances upon return to Colombia. Id. at 271. Although testimony by itself may be sufficient to support petitioners' claim, the testimony must be credible. Id. at 272. If a petitioner fails to establish that she is entitled to asylum, we presume she cannot meet the higher standard for withholding of removal. Janusiak v. INS, 947 F.2d 46, 47-48 (3d Cir. 1991).

Where, as here, the BIA affirms without opinion, the IJ's decision becomes the final agency determination for purposes of review. 8 C.F.R. § 1003.1(e)(4); Dia v. Ashcroft, 353 F.3d 228, 243 (3d Cir. 2003) (en banc). We review factual findings contained in the IJ's decision, including adverse credibility determinations, under the substantial evidence standard. Under this standard, the IJ's "finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). We therefore affirm the IJ's factual findings to the extent they are "supported by reasonable, substantial, and probative

5

evidence on the record considered as a whole." Gao, 299 F.3d at 272 (internal quotations omitted).

Our review of an IJ's credibility findings are also reviewed for substantial evidence. This means "[w]e will . . . reverse those findings only if there is evidence so compelling that no reasonable factfinder could conclude as the [IJ] did." Mulanga v. Ashcroft, 349 F.3d 123, 131 (3d Cir. 2003) (quoting Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003)). Minor inconsistencies in the record are inadequate to sustain an adverse credibility finding. Senathirajah v. INS, 157 F.3d 210, 221 (3d Cir. 1998). Rather, the discrepancies must go to "the heart of the asylum claim." Gao, 299 F.3d at 272 (internal quotations omitted).

### III

We conclude that substantial evidence supports the IJ's denial of asylum. The record supports the IJ's conclusion that petitioners failed to meet their burden of proving past persecution or a well-founded fear of future persecution on account of their race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A).

As a threshold matter, petitioner presents no evidence of past persecution or a well-founded fear of future persecution. All that Ruiz has established is that she received harassing visits and threatening telephone calls. However, "[t]hreats standing alone . . . constitute persecution in only a small category of cases, and only when the threats are so

6

menacing as to cause significant actual 'suffering or harm.'" Li v. Attorney General of U.S., 400 F.3d 157, 164 (3d Cir. 2005) (quoting Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000). Given the ambiguous complexion of the visits and the extortionist nature of the telephone threats, these occurrences, while decidedly unpleasant, do not constitute persecution under any of the applicable statutory provisions.

We have noted that unfullfilled, non-imminent threats are more properly addressed in the context of considering whether a petitioner has a well-founded fear of future persecution. Id. at 165 n.3. However, the same considerations which militate against establishing persecution also militate against establishing a well-founded fear of future persecution. The visits to Ruiz were ambiguous in nature and the telephone threats failed to alarm Ruiz enough to take any protective measures. As such, there is substantial evidence supporting the IJ's determination that petitioners lacked a genuine fear of persecution.

In addition to their failure to establish past persecution or a well-founded fear of future persecution, petitioners are unable to establish that the harassment or threatening calls were motivated by one of the statutorily protected grounds: race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). Petitioners allege the incidents occurred on account of their political opinions. However, Ruiz presents no evidence of having professed a political opinion or being affiliated with any political group. Instead, she testified that the threats were made

by Colombian guerillas on account of her father's affiliation with the "Liberal Party."
However, Ruiz presents no evidence that she was singled out on account of her father's affiliation. Rather, the evidence suggests that the perpetrators were motivated by petitioner's wealth. In the absence of evidence to suggest other motivations, money extortion will not support a finding of persecution within the meaning of the Immigration and Nationality Act. See Matter of V-T-S, 21 I & N. Dec. 792 (BIA 1997).

The foregoing assumes that the harassing visits and telephone threats were, as Ruiz claims, perpetrated by Colombian guerillas. However, the record amply supports the IJ's finding that Ruiz lacked credibility. Ruiz confessed at the asylum hearing that she simply did not know who made the threatening phone calls. She speculated they were made by the guerillas, and then equivocated that the calls may have been made by her employees. In response to the question why she failed to notify her employees that the business had been telephonically threatened, Ruiz testified, "You cannot trust your employees. You believe [the calls] might be from them. You believe [the calls] might be from the guerillas." Although petitioners need not always identify their persecutors to make a successful claim, where, as here, the assailants' identity is necessary to establish the critical element of whether the act was committed by the government or by forces the government was unwilling or unable to control, the IJ reasonably concluded that failure to identify the assailants forecloses eligibility for asylum. Cf. Codero-Trejo v. INS, 40 F.3d 482, 488 (1st Cir. 1994) (petitioner's asylum claim could not be discredited for failure to

8

identify his persecutors where they were proven to be members of an unofficial or clandestine group).

Finally, petitioners' due process claims against the IJ and the BIA lack merit. Petitioners' claim that the IJ appeared to have a preconceived opinion prior to receiving all relevant evidence fails because the IJ's oral decision was made <u>after</u> hearing all the evidence, not before. Equally frivolous is petitioners' claim that the BIA "compounded" the IJ's alleged due process error by affirming the decision without issuing a written opinion. Contrary to petitioners' assertions, the affirmation of the IJ's decision by a single Board member without opinion does not deny their right to meaningful appellate review, nor any other substantive right. <u>Dia v. Ashcroft</u>, 353 F.3d 228, 234-45 (3d Cir. 2003) (en banc). This case satisfies the criteria for streamlining given petitioners' insubstantial claims and the fact that their arguments were covered by settled asylum law. <u>See</u> 8 C.F.R. § 1003.1(e)(4).

IV

For the foregoing reasons, the petition is denied.